UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STUART C. IRBY COMPANY                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23-CV-3127-DPJ-ASH

KDEM LLC AND KENNETH W. DODSON, JR.                                      DEFENDANTS

ORDER

Plaintiff Stuart C. Irby Company seeks default judgment against Defendants KDEM LLC and Kenneth W. Dodson Jr.  Mot. [7].  As explained below, its motion is granted in part and denied in part.

I.     Factual Allegations and Procedural History

Irby sells electrical materials to electrical contractors, like Defendant KDEM.  Defendant Dodson owns KDEM.  In May 2019, KDEM "submitted an Irby Application for Credit and Billing Information (the 'Agreement') to establish an open account with Irby."  Compl. [1] ¶ 9.  By submitting the Agreement on behalf of KDEM, Dodson "agree[d] to the Terms and Conditions of Sale" found on Irby's website.  Agreement [7-2] at 2 (capitalization altered).  The conditions of sale require payment of invoices within 30 days and allow Irby to collect a 1.5% per month service charge on any Irby invoice not paid by its due date.  The Agreement contained a Personal Guaranty under which Dodson agreed to be personally liable to Irby for amounts KDEM might owe Irby in the future.  The Guaranty permits Irby to recover from Dodson 20% of any account balance as attorneys' fees and costs of collection incurred to collect any unpaid amounts on KDEM's account with Irby.  Irby accepted the Agreement and opened an account through which KDEM bought electrical materials.

In July 2023, KDEM and Dodson attempted to make a $6,930.75 payment, but "[a]t the time [they] made that payment, they knew there would be insufficient funds in their bank account to cover" it. Compl. [1] ¶ 29. That payment was rejected by KDEM's bank for insufficient funds. Ultimately, "KDEM failed to fully pay Irby for the [m]aterials it purchased . . . from October 7, 2022, through October 13, 2023." *Id.* ¶ 16. As of December 6, 2023, KDEM owed Irby $168,486.03 on the unpaid invoices and $23,272.61 in service charges.

Irby sued KDEM and Dodson on December 6, 2023, asserting claims for breach of contract, breach of the Personal Guaranty, unjust enrichment, and bad-check collection under Tennessee law. Irby served KDEM and Dodson with the Complaint and Summons on December 9, 2023. Defendants neither answered nor sought an extension, so, on January 4, 2024, the Clerk entered their default. Irby's motion for default judgment followed. *See* Agreement [1-4] at 4-5.

II.     Analysis

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). While default judgments are generally not favored, this policy "is counterbalanced by consideration of social goals, justice and expediency, a weighing process [that] largely lies within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

"The defendant, by his default, admits the plaintiff's well[-]pleaded allegations of fact." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "Thus, the district court takes as true the facts asserted by a plaintiff against a defaulting defendant." *Id.* But "even if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on

2

which relief can be granted." *Id*. at 492–93 (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).  Finally, "where the amount [of damages] claimed is . . . capable of mathematical calculation," the Court need not conduct a hearing on damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Taking the Complaint's factual allegations as true, the Court assesses each of Irby's claims.

  A.  Breach of Contract (KDEM) and Breach of Personal Guaranty (Dodson)

To succeed on its breach-of-contract claims against KDEM and Dodson, Irby must show "(1) 'the existence of a valid and binding contract,' and (2) . . . 'that the defendant has broken, or breached it.'"  *Maness v. K&A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).

The allegations of the Complaint establish both elements.  First, the Agreement and its Personal Guaranty are both valid binding contracts between Irby on the one hand and KDEM and Dodson, respectively, on the other.  The Agreement incorporated Irby's Terms and Conditions of Sale, which provide that payments are due "thirty (30) days from date of invoice." Terms and Conditions [7-4] at 2.  KDEM did not pay all invoices due within 30 days of their issuance.  In the Guaranty, Dodson "unconditionally guarantee[d] to Stuart C. Irby Co. the payment of . . . any and all amounts that [KDEM] shall at any future time owe to Stuart C. Irby on account of materials . . . furnished or sold."  Agreement [7-2] at 2, Personal Guaranty. Dodson has not remitted payment for KDEM's overdue invoices.  Irby's motion is granted as to the contract claims.

B.     Unjust Enrichment

Irby alternatively alleged unjust enrichment in case its contract claim failed. *See* Compl. [1] at 7. That was correct. "To collect under an unjust enrichment or quasi-contract theory, the claimant must show 'there is no legal contract, but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.'" *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 719 (Miss. 1998) (quoting *Est. of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987)). Because Irby has succeeded on its breach-of-contract claims, it cannot collect under its alternative unjust-enrichment theory.

C.     Bad-Check Collection

Irby's final claim arises under section 47-29-01 of the Tennessee Code:

> (a) A person who, having executed and delivered to another person a check or draft drawn on or payable at a bank or other financial institution, with fraudulent intent, . . . allows the check or draft to be dishonored by a financial institution because of lack of funds, failure to have an account, or lack of an authorized signature of the drawer or necessary endorser, is, if found liable to the holder on the check or draft in a civil action, liable for:
>
>   (1) The face amount of the check dishonored;
>
>   (2) Interest at the rate of ten percent (10%) per annum on the face amount or the remaining unpaid balance of the check or draft from the date of its execution until payment is made in full;
>
>   (3) Any reasonable service charges incurred by the payee in attempting to obtain payment by the bank or other financial institution;
>
>   (4) Court costs incurred in bringing the civil action which is brought by the holder to collect on the check or draft; and
>
>   (5) Reasonable attorney fees incurred by the holder.
>
> . . . .
>
> (d) If the person who executed and delivered the check does not pay to the holder the full amount of the check or draft within thirty (30) days following certified

4

mailing of written notice that the check or draft has not been paid and that treble damages will be sought, upon finding of fraudulent intent, the person is liable for, and the court shall award judgment for, treble the face amount of the check or draft.  However, the amount awarded in addition to the face amount of the check or draft may not exceed five hundred dollars ($500).

Although Irby has pleaded facts suggesting a bad-check claim, the pleading lacks the facts necessary to conduct a choice-of-law analysis.  For example, Irby neither identifies the bank nor says where it is located.  Thus, the Court cannot determine whether Tennessee law would apply to that claim, especially considering the forum-selection clause applying Mississippi law to "any dispute connected" with the Agreement.  Agreement [1-4] at 4.  Irby's claim for treble damages under section 47-29-01(d) presents another problem.  Even if Tennessee law applied, there are no allegations or exhibits demonstrating that Irby provided written notice that it would seek treble damages as section 47-29-01(d) requires.  The motion for default judgment is therefore denied on the bad-check claim.

      C.      Service Charges

The only remaining issue is whether Irby is entitled to the claimed $23,272.61 in service charges.  *See* Calculations [1-3].  The Court has not studied this issue in detail but concludes that Irby should address whether its method of calculating these damages complies with Mississippi Code section 75-17-27.  *See Rea v. Breakers Ass'n, Inc.*, 674 So. 2d 496, 500 (Miss. 1996).  The service-charge damages are therefore taken under advisement.

III.      Conclusion

Irby's motion for default judgment is granted as to the contract claims.  It is denied as to the unjust-enrichment and bad-check claims.  The Court awards Irby:

> (1) the principal amount due under the Agreement and Personal Guaranty of $168,486.03;
>
> (2) pre-judgment interest at a rate of 8% from November 30, 2023, through today's date;

    (3) post-judgment interest under 28 U.S.C. § 1961(a);

    (4) Court costs; and

    (5) reasonable and necessary attorneys' fees and costs as the Court shall determine are appropriate following the filing of a post-judgment Rule 54(d) motion by Irby.

If Irby intends to seek the service-charge damages, then it must file a supplemental brief by March 21, 2024. If no supplement is filed, then a separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED** this the 14th day of March, 2024.

                                          s/ *Daniel P. Jordan III*
                                          CHIEF UNITED STATES DISTRICT JUDGE